**Maurine ELG, Plaintiff and Appellant,**

v.

**Boyd F. FITZGERALD and Valley View Riding Stables, Defendants and Respondents.**

**No. 14169.**

Supreme Court of Utah.

March 8, 1976.

Morgan, Scalley, Lunt & Kesler, Salt Lake City, for plaintiff and appellant.

Nolan J. Olsen, Midvale, for defendants and respondents.

HENRIOD, Chief Justice:

Appeal from a no cause of action judgment of the court, sitting without a jury, in an action where Mrs. Elg was injured after she fell from a wagon while on a chartered hayride, incident to a social and dance event sponsored by the Eagles, a local fraternal organization. Affirmed with costs to defendants.

The complaint said that defendants "negligently allowed approximately 29 people to board a hay wagon which was unsafe and in poor condition and thereafter negligently drove said hay wagon in such a manner as to cause almost all of the people on said wagon to be thrown off the wagon to the ground."

After all the evidence was in, the trial court, in writing, found that the plaintiff failed to show 1) that defendants knew or should have known that the hay wagon was unsafe, or 2) were negligent in the operation of the wagon or 3) that they were negligent in any manner.

On evidence in considerable part contradictory, that which, having been properly admitted, supported the trial court's determination compelling us to affirm under well known rules as to review on appeal, may be briefed as follows:

One night about 8:00 p. m., about 29 or 30 people, who were Eagles, and their guests, had gathered about a campfire for some time before the scheduled hayride.

Most has been drinking,—some not, according to the Eagle who promoted the outing and who was plaintiff's own witness. He described one as being "bombed out." Also that there was some horseplay, laughing, joking, and that the one who was bombed out was helped onto the wagon a couple of times but "kept wanting to get off."

The wagon was a rubber-tired flatbed, which was about four feet from the ground, covered with hay and circled with a 3½-foot pine pole attached to 4 x 4 uprights, against which riders placed their backs, with back to back passengers seated in the middle, where Mrs. Elg sat. This wagon had been used for a similar purpose with a similar number of passengers more or less, on about 30 occasions, and a group of 30 passengers was attested to as not being an overload. The driver said he felt the wagon was safe, that he checked it before starting the trip, that the railings were all up, the horses hooked up right, the tugs were right and it had an even pull. At the beginning of the trip there was an entertainer guitar player, standing up, back of the driver's seat, described by one witness as being "a little bit lubricated" and who couldn't stand up very well, and who had fallen off the wagon while trying to get on. This person fell of first, but it was not clear whether his fall or something else caused the pole to break which in fact it did, and a lot of the rest of the passengers, including plaintiff, also fell off after the pole broke. The horses were pulling the wagon in a walk. The wagon, approaching downhill to the road about 250-300 feet from the gathering area, tilted for some unknown reason, when the pole broke as the wagon turned onto the traveled road, whether because of a rock, a bump or the activity of the guitarist, or otherwise. The driver said it was not unusual for the passengers to lean against the rail when the wagon hit a bump, and he did not know why the railing broke.

On appeal, Mrs. Elg urges that the court erred 1) in not deciding this case under the doctrine of res ipsa loquitur and 2) in failing to find simultaneously, that plaintiff made a prima facie case and to require a shift in the burden of proof to defendants.

Nowhere in the complaint or other pleadings was res ipsa loquitur pleaded or mentioned. The only juncture at which it was adverted to was in the argument to the court and at one point only, where, unless an error has been made in recording, plaintiff's own counsel, not defendant's, stated the doctrine did not apply. In the brief, counsel said the trial court asserted that the doctrine did not apply in Utah, which statement is not in the record, and which we cannot take into account for several cogent reasons.—that it is not supported by any document, defendants deny that such a statement was made, and anyway, we cannot consider it since it is a matter dehors the record. A fourth reason is as cogent,—that the facts would not adjust themselves to an application of the rule, since there was a full opportunity to develop the facts, presumably with an opportunity to examine the vehicle, availability of 29 or 30 witnesses, including possibly experts, which were not produced. Also, there was the testimony of the parties on both sides.

The plaintiff pleaded only negligence, made no offer or request to amend her pleadings, did not ask for a continuance, did not move for a new trial, nor for the amendment of the findings, conclusions or judgment.

This appears to be a plain case where negligence is averred, and where, after a plenary trial, the trial court, on believable facts, was wont to believe those that we agree supported the decision, justifying the conclusion that the plaintiff, whose duty it was to prove a case, failed to sustain such burden.

ELLETT and CROCKETT, JJ., concur.

TUCKETT, Justice (concurring):

I concur. I believe the doctrine of res ipsa loquitur properly would apply to the facts in this case if the issue had been timely raised.

MAUGHAN, J., concurs in the result.